Independent Publishing Company v. Commissioner.
Independent Publishing Co. v. Commissioner
Docket No. 53219.
United States Tax Court
T.C. Memo 1955-274; 1955 Tax Ct. Memo LEXIS 63; 14 T.C.M. (CCH) 1078; T.C.M. (RIA) 55274; October 7, 1955
*63 George A. Smith, Esq., Citizens & Southern National Bank Building, Atlanta, Ga., for the petitioner. Robert B. Kollen, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined a deficiency for the calendar year 1945 in petitioner's income tax in the amount of $3,492.60 and in excess profits tax of $26,242.36. The sole issue is whether petitioner sustained a deductible loss of $41,000 in 1945 by reason of a change in the by-laws of the Associated Press whereby petitioner no longer had exclusive right to the Associated Press news service in Anderson, South Carolina. Findings of Fact The facts stipulated are so found and made a part hereof. Petitioner is a corporation, having its place of business in Anderson, South Carolina, and filed its income and declared value-excess-profits tax return and its excess profits tax return, both for the calendar year 1945, with the collector of internal revenue for the district of South Carolina. Petitioner is, and has been since 1925, engaged in the business of publishing newspapers in Anderson. In 1925 petitioner purchased the assets of a morning newspaper published *64 in Anderson, known as the Anderson Tribune, for $20,000. Part of the assets so purchased was a membership contract in the Associated Press for a morning newspaper at Anderson. In 1931 petitioner purchased the assets of an afternoon newspaper in Anderson, known as the Anderson Daily Mail, for $92,000. Part of the assets so purchased was a membership contract in the Associated Press for an afternoon newspaper in Anderson. Both of said membership contracts were assigned a total value of $50,000 on petitioner's books of account, being composed of $12,000 for the Anderson Tribune membership contract and $38,000 for the Anderson Daily Mail membership contract. From 1935 to date petitioner published, and is now publishing the only daily newspapers in Anderson, both of which have an Associated Press membership. The town of Anderson has had a substantial growth in the last 15 years and its present population is approximately 20,000. The combined circulation of petitioner's two daily newspapers in 1945 was approximately 21,857. As of September 30, 1954, the combined circulation of petitioner's daily newspapers was approximately 50,245. The Associated Press is and has been throughout *65 its existence a cooperative, non-profit association and was incorporated in New York in 1900. Its business is and was the collection, assembly, exchange and distribution of news among its members. In 1945, the Associated Press had assets of approximately $2,000,000. Associated Press members are newspaper owners and all members are required to pay regular weekly assessments for the cost of collecting, exchanging and transmitting the news service, as well as other expenses. At the times petitioner purchased the Anderson Tribune and the Anderson Daily Mail, the membership contracts between the Associated Press and its members consisted of the by-laws of the Associated Press in effect at the time. The by-laws in effect at the times of the purchase by petitioner of the Anderson Tribune and the Anderson Daily Mail contained provisions whereunder and whereby a member could effectively prevent the admission to membership of any applicant which was a competitor in the same field (same city and same time of publication, i.e., morning or afternoon) and consequently gave petitioner in effect exclusive rights to Associated Press service in Anderson. On June 18, 1945, the Supreme Court of the *66 United States in Associated Press v. United States, 326 U.S.1, 65 Sup. Ct. 1416, ruled that the provisions in the by-laws of the Associated Press which permitted a member to prevent the admission to membership of applicants in the same field were unlawful and directed the amendment of said by-laws so that a member could no longer prevent the admission to membership of an applicant in the same field. Effective November 28, 1945, the Associated Press amended its by-laws and its membership contracts so that it was no longer possible for a member to prevent the admission to membership of an applicant in the same field, and petitioner thereby lost its exclusive rights to Associated Press service in Anderson. Both prior and subsequent to the Supreme Court's decision in Associated Press v. United States, supra, a member of the Associated Press could assign its membership contract therein to one who purchased the member's newspaper. An original applicant for admission to membership by election was required to pay to the Associated Press an initial membership fee, but the purchaser or assignee of an existing membership contract was not required to pay the initial *67 membership fee required of new applicants for admission to membership by election. This is unchanged by the amended by-laws. The provision of the by-laws relating to the assignment of its membership contract by an existing member to a purchaser was in and of itself a valuable right which petitioner owned as a result of its membership contract in the Associated Press, and petitioner continues to have, subsequent to the Supreme Court decision and the resulting amendment of the by-laws, the right to assign its membership contracts in the Associated Press to one who purchases the petitioner's newspapers. The ownership feature continues to have value and this constitutes an additional valuable right of a member of the Associated Press. Petitioner has not sold or disposed of its Associated Press membership and subsequent to the amendment of the Associated Press by-laws in obedience to the Supreme Court's opinion petitioner's membership contracts in the Associated Press continued to have value in the operation of its business. Petitioner did not sustain a deductible loss by reason of the change in the by-laws of the Associated Press. After the Associated Press' by-laws were amended *68 to eliminate the non-competitor provision, petitioner reduced on its books the value of its membership contracts in the Associated Press from $50,000 to $9,000, and in its income tax and excess profits tax returns for 1945 claimed a deductible loss therefor which was disallowed by the Commissioner in his notice of deficiency. Opinion This case is controlled by our decision in The Reporter Publishing Co., 18 T.C. 86, affd. (C.A. 10) 201 Fed. (2d) 743, certiorari denied, 345 U.S. 993. The issue and the facts are the same in both cases and we there held adversely to petitioner's contention. Petitioner's brief herein concedes this. We quote therefrom: "The case of Reporter Publishing Co., 18 TC 86 (1952) affd. 201 Fed. (2d) 743 (CCA 10, 1953) involved facts identical to those herein except for the amounts, dates and other details which do not affect the principle involved. In that case the deduction for the loss was denied by this Court on the ground that, although the taxpayer's Associated Press membership contract had been reduced in value in 1945 by virtue of the Supreme Court decision, such loss was only partial, *69 and no loss had been realized." Petitioner then contends: "* * * that Reporter Publishing Co., supra, was incorrectly decided because the taxpayer in that case relied upon the immaterial fact of the Supreme Court decision and apparently failed to point out that the termination of the old membership contract and the substitution therefor of a new membership contract constituted an identifiable, closed and completed transaction which resulted in realization of the loss." We think petitioner's criticism is hypercritical. The facts in Reporter Publishing Co., supra, and also in the instant case do not sustain petitioner's contention of a termination of the old membership contract and the substitution of a new contract. There was merely an elimination of the non-competitor provision of the original contract. No new contract was entered into. Neither was the Supreme Court's decision an "immaterial fact", as petitioner contends. It was the basis and the reason for the change in the by-laws. One was the cause - the other the result. Under the facts and issue here the two events are inseparable. We think the affirmance of Reporter Publishing Co. * refutes petitioner's *70 contention that it "was incorrectly decided", and following our ruling therein the respondent's contention here is sustained. Since certain adjustments are to be made, Decision will be entered under Rule 50. Footnotes
*. The phrase "and denial of certiorari therein" was deleted from this part of the paragraph by Official Tax Court Order dated October 27, 1955, and signed by Judge Johnson.↩