**INDEPENDENT PUBLISHING COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7223.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1956.
Decided Nov. 3, 1956.

John B. Keeble, Atlanta, Ga. (W. Glen Harlan, and Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., on brief) for petitioner.

C. Guy Tadlock, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum and Sheldon I. Fink, Attys., Dept. of Justice, Washington, D. C., on brief), for respondent.

Before SOPER and SOBELOFF, Circuit Judges, and BRYAN, District Judge.

### PER CURIAM.

The Independent Publishing Company, in this petition for review, seeks a reversal of a decision of the Tax Court, 14 T.C.M. 1078, wherein it was held that the taxpayer did not sustain a deductible loss in 1945 under § 23(f) of the Internal Revenue Code, 26 U.S.C.A. § 23(f), when its membership in the Associated Press declined in value by reason of the decision of the Supreme Court in Associated Press v. United States, 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013. We think that the decision of the Tax Court was correct and should be affirmed. It was shown therein that the loss was not realized within the meaning of the tax statute and regulations, in that the asset was retained and used by the taxpayer in carrying on its business. See also the prior decision of the Tax Court in Reporter Pub. Co. v. Commissioner, 18 T.C. 86, affirmed by the Tenth Circuit, 201 F.2d 743.

There is no merit in the taxpayer's contention that the earlier decision was erroneous because it failed to take into account the fact that the bylaws of the Associated Press which constituted the membership contract between the Associated Press and its members, were amended after the decision of the Supreme Court in order to comply therewith. We agree with the conclusion of the Tax Court in the pending case that this circumstance amounted only to an elimination of the non-competitor provision of the original contract and that no loss was realized within the meaning of the tax statutes because the membership was not discarded but was continued for use in the taxpayer's business.

Affirmed.